SHERYL K. ITH, ESQ. (State Bar No. 225071)
JOHN F. PATTON, ESQ. (State Bar No. 253175)
sith@cookseylaw.com
COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
A Professional Corporation
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977
Telephone: (714) 431-1100
Facsimile:  (714) 431-1119

Attorneys for
AMERICREDIT FINANCIAL SERVICES INC.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>JACQUELINE SUE RODRIQUES AND JOSEPH RODRIGUES<br><br>Debtors. | Case No.: 2:10-BK-14581 AA<br><br>Chapter 13<br><br>**OBJECTION TO CONFIRMATION OF PROPOSED CHAPTER 13 PLAN; DECLARATION OF JIM HOGAN IN SUPPORT THEREOF**<br><br>341(a) Meeting of Creditors:<br><br>Date:   MARCH 8, 2010<br>Time:   2:30 P.M.<br>Ctrm:   103<br><br>Confirmation Hearing:<br><br>Date:   APRIL 22, 2010<br>Time:   10:30 A.M.<br>Ctrm:   1375 |

AMERICREDIT FINANCIAL SERVICES INC. ("AMERICREDIT"), a creditor of the above estate, hereby submits the following Objection to Confirmation of the Debtors' proposed Chapter 13 Plan of Reorganization.

///

1

1350.1548   567484.1

## REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201 as incorporated by Federal Rule of Bankruptcy Procedure 9017, AMERICREDIT respectfully requests this Court take judicial notice of the Debtors' proposed Chapter 13 Plan on file herein, and the Proof of Claim filed by AMERICREDIT, copies of which are attached as Exhibits "A" and "B", respectively, to the Declaration of JIM HOGAN, filed herewith.

## FACTUAL BACKGROUND

On or about MAY 16, 2008, Debtors entered into a Motor Vehicle Contract and Security Agreement for the purchase of a 2008 FORD FOCUS, Vehicle Identification Number 1FAHP35N08W152587 (the "Vehicle"). The above-described Contract and Security Agreement was assigned to AMERICREDIT in the normal course of AMERICREDIT's business. A copy of the above-described Motor Vehicle Contract and Security Agreement with regard to the above-described vehicle, is made a part of AMERICREDIT's Proof of Claim on file herein. (And See Exhibit "B" attached to the Declaration of JIM HOGAN, filed herewith).

## GROUNDS FOR OBJECTION

Secured Creditor AMERICREDIT objects to Debtors' proposed Chapter 13 Plan of Reorganization on the following grounds:

1. <u>Adequate Protection Payments.</u>

11 U.S.C. §1326(a)(1) states in pertinent part:

> "<u>Unless the court orders otherwise</u>, the debtor shall commence making payments not later than 30 days after the date of the filing of plan or the order for relief, whichever is earlier, in the amount –
> 
> (C) that provides adequate protection directly to a creditor holding an allowed claim secured by personal property to the extent the claim is attributable to the purchase of such property by the debtor for that portion of the obligation that becomes due after the order for relief...".

In the instant case, the proposed Plan does not schedule post-petition, pre-confirmation adequate protections payments to AMERICREDIT as required by 11 U.S.C. §1326(a)(1)(C).

Although the Bankruptcy Code does not quantify "adequate protection" of a secured claim, AMERICREDIT asserts that adequate protection should, at a minimum, provide monthly payment to AMERICREDIT to offset the monthly depreciation of its collateral during the Debtors' bankruptcy case. In general, depreciation of a motor vehicle is approximately 2% of the vehicle's retail value per month. (And See <u>In re Desardi</u>, 340 B.R. 790, 804 (Bankr. S.D. TX 2006)). In accordance therewith, AMERICREDIT objects to any proposed monthly adequate protection to AMERICREDIT which is less than 2% of the retail value of the Vehicle. Consequently, Debtors' proposed Plan should not be confirmed unless Debtors pay adequate protection on AMERICREDIT's secured claim in the amount of $253.50 per month (2% of $12,675.00).

2. <u>Equal Monthly Payments.</u>

11 U.S.C. 1325(a) states in relevant part:

"Except as provided in subsection (b) the court shall confirm a plan if –

(5) with respect to each allowed secured claim provided for by the plan –

(B) (iii) if –

(I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts..."

(II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection <u>during the period of the plan</u>..." [Emphasis added]

1350.1548  567484.1

In this case, the Debtors' Plan fails to provide AMERICREDIT payment of its secured claim in the form of equal monthly payments and, as a consequence, Debtors' plan cannot be confirmed as set forth under 11 U.S.C. §1325(a)(5)(B)(iii)(I). In re Desardi, 340 B.R. 790, 805-06 (Bankr. S.D. Tex. 2006).

Moreover, Debtors' Plan does not pay AMERICREDIT adequate protection during the first fourteen (14) months of the Plan. 11 U.S.C.§1325(a)(5)(B)(iii)(II) requires the Debtors to provide with AMERICREDIT with adequate protection during the period of the Plan. Because Debtors' Plan does not provide for payment to AMERICREDIT during the first fourteen (14) months of the Plan, it does not afford AMERICREDIT adequate protection of its claim and cannot be confirmed as proposed.

## CONCLUSION

Any Chapter 13 plan proposed by the Debtors must provide for and eliminate the objections specified above in order to be reasonable and to comply with the applicable provisions of the Bankruptcy Code. It is respectfully requested that confirmation of the Proposed Chapter 13 plan be denied and that the case be dismissed forthwith.

WHEREFORE, AMERICREDIT prays as follows:

1. That confirmation of the Chapter 13 Plan be denied; and

2. For immediate dismissal of the within Chapter 13 proceeding; or

3. That as a pre-requisite to confirmation of the Debtors' proposed Chapter 13 Plan, Debtor meet and satisfy the above stated objections; and

4. For such other and further relief as the Court deems just and proper.

Dated: March 1, 2010

Respectfully submitted,

COOKSEY, TOOLEN, GAGE, DUFFY & WOOG

By: _____
Sheryl K. Ith
Attorneys for Creditor
AMERICREDIT FINANCIAL SERVICES INC.

4

1350.1548  567484.1

**DECLARATION OF JIM HOGAN IN SUPPORT OF OBJECTION TO CONFIRMATION**

I, JIM HOGAN, declare as follows:

1. I am the Vice President, Special Accounts for Secured Creditor AMERICREDIT FINANCIAL SERVICES INC. ("AMERICREDIT"). I am one of the custodians of the books, records and files of AMERICREDIT as to those books, records, and files that pertain to loans and extensions of credit given to the Debtors concerning the Vehicle herein. I have personally worked on the books, records and files of AMERICREDIT, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of AMERICREDIT on behalf of AMERICREDIT, which were made at or about the time of the events recorded, and which are maintained by AMERICREDIT in the ordinary course of AMERICREDIT's business. Any such document was prepared in the ordinary course of business of AMERICREDIT by a person who had personal knowledge of the event being recorded and had or has a business duty to accurately record such events. I am personally responsible for handling of all collection activity in connection with the account of Debtors and I have reviewed all of AMERICREDIT's books and records in connection with this matter. I have personal knowledge of the facts contained herein and if called upon to testify, I could and would competently testify thereto.

2. On MAY 16, 2008, Debtors entered into a Motor Vehicle Contract and Security Agreement ("Contract") for the purchase of a 2008 FORD FOCUS, Vehicle Identification Number 1FAHP35N08W152587 (the "Vehicle"). The Contract was subsequently assigned to AMERICREDIT in the normal course of AMERICREDIT's business. True and correct copies of the Contract and the duly recorded Certificate of Title evidencing AMERICREDIT's perfected interest in the Vehicle are made a part of AMERICREDIT's Proof of Claim on file herein and attached as Exhibit "B".

3. Attached as Exhibit "C" is true and correct copy of the N.A.D.A. Official Used Car Guide online report for the vehicle's retail value.

///

1350.1548  567484.1

4. AMERICREDIT regularly relies upon the N.A.D.A. Official Used Car Guide in estimating values of vehicles in the normal course of its business.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this Declaration was executed March 1, 2010, at Arlington, TX.

JIM HOGAN

| Name | Gerald Wolfe | 2:10-bk-14581 |
|---|---|---|
| Address | Law Office of Gerald Wolfe | |
| | 6B Liberty, Suite 210 | |
| | Aliso Viejo, CA 92656 | |

Telephone  949-257-0961        (FAX)  949-878-4840

■ Attorney for Debtor
State Bar No. 180599

☐ Debtor(s) in Pro Se        (Any reference to the singular shall include the plural in the case of joint debtors.)

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| List all names (including trade names) used by the debtor within the last 8 years: | Chapter 13 Case No. |
|---|---|
| Jacqueline Sue Rodrigues<br><br>Joseph Rodrigues | **CHAPTER 13 PLAN**<br><br>CREDITORS MEETING:<br>Date:<br>Time:<br>Place:<br>CONFIRMATION HEARING:<br>Date:<br>Time:<br>Place: |

## NOTICE

This Chapter 13 Plan is proposed by the above Debtor. The Debtor attests that the information stated in this Plan is accurate. Creditors cannot vote on this Plan. However, creditors may object to this Plan being confirmed pursuant to 11 U.S.C. § 1324. Any objection must be in writing and must be filed with the court and served upon the Debtor, Debtor's attorney (if any), and the Chapter 13 Trustee not less than 7 days before the date set for the meeting of creditors. Unless an objection is filed and served, the court may confirm this Plan. The Plan, if confirmed, modifies the rights and duties of the Debtor and creditors to the treatment provided in the Plan as confirmed, with the following IMPORTANT EXCEPTIONS:

Unless otherwise provided by law, each creditor will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under 11 U.S.C.§1328. If the case under this chapter is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

Defaults will be cured using the interest rate set forth below in the Plan. Any ongoing obligation will be paid according to the terms of the Plan.

2:10-bk-14581

**HOLDERS OF SECURED CLAIMS AND CLASS 1 CLAIMANTS WILL BE PAID ACCORDING TO THIS PLAN AFTER CONFIRMATION UNLESS THE SECURED CREDITOR OR CLASS 1 CLAIMANT FILES A PROOF OF CLAIM IN A DIFFERENT AMOUNT THAN THAT PROVIDED IN THE PLAN.** If a secured creditor or a class 1 creditor files a proof of claim, that creditor will be paid according to that creditor's proof of claim, unless the court orders otherwise.

**HOLDERS OF ALL OTHER CLAIMS MUST TIMELY FILE PROOFS OF CLAIMS, IF THE CODE SO REQUIRES, OR THEY WILL NOT BE PAID ANY AMOUNT.** A Debtor who confirms a Plan may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

The Debtor proposes the following Plan and makes the following declarations:

I. **PROPERTY AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE CHAPTER 13 TRUSTEE:**

  The Debtor submits the following to the supervision and control of the Chapter 13 Trustee:

  A. Payments by Debtor of **$1,375.00** per month for **60** months. This monthly Plan Payment will begin within 30 days of the date the petition was filed.

  B. The base plan amount is $ **82,500.00** which is estimated to pay **0** % of the allowed claims of nonpriority unsecured creditors. If that percentage is less than 100%, the Debtor will pay the Plan Payment stated in this Plan for the full term of the Plan or until the base plan amount is paid in full, and the Chapter 13 Trustee may increase the percentage to be paid to creditors accordingly.

  C. Amounts necessary for the payment of post-petition claims allowed under 11 U.S.C. § 1305.

  D. Preconfirmation adequate protection payments for any creditor who holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in the plan. Preconfirmation adequate protection payments and preconfirmation lease payments will be paid to the Chapter 13 Trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
| -NONE- | | | |

  Each adequate protection payment or preconfirmation lease payment will commence on or before the 30th day from the date of filing of the case. The Chapter 13 Trustee shall deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from the Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured(s) creditor(s) at the next available disbursement or as soon as practicable after the payment is received and posted to the Chapter 13 Trustee's account. The Chapter 13 Trustee will take his or her statutory fee on all disbursements made for preconfirmation adequate protection payments or preconfirmation lease payments.

  E. Other property: (specify property or indicate none)
  **NONE**

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.
Revised December 2009
Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037
**F3015-1.1**
Best Case Bankruptcy

EXHIBIT A
PAGE 2 OF 8

Case 2:10-bk-14581-AA Doc 13 Filed 03/01/10 Entered 03/01/10 15:00:24 Desc
Main Document Page 3 of 8
Case 2:10-bk-14581-AA Doc 2 Filed 02/09/10 Entered 02/09/10 12:29:14 Desc
Main Document Page 9 of 20

Chapter 13 Plan (Rev. 12/09) - Page 3                                    2009 USBC, Central District of California

2:10-bk-14581

II. **ORDER OF PAYMENTS; CLASSIFICATION AND TREATMENT OF CLAIMS:**
Except as otherwise provided in the plan or by court order, the Chapter 13 Trustee shall disburse all available funds for the payment of claims as follows:

A. ORDER OF PAYMENTS:

1. If there are Domestic Support Obligations, the order of priority shall be:

   (a) Domestic Support Obligations and the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date;

   (b) Administrative expenses (Class 1(a)) in an amount not exceeding _____% of each Plan Payment until paid in full;

2. If there are no Domestic Support Obligations, the order of priority shall be the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date, and administrative expenses (Class 1(a)) in an amount not exceeding __% of each Plan Payment until paid in full.

3. Notwithstanding 1 and 2 above, ongoing payments on secured debts that are to be made by the Chapter 13 Trustee from the Plan Payment; such secured debt may be paid by the Chapter 13 Trustee commencing with the inception of Plan Payments.

4. Subject to 1, 2, and 3 above, pro rata to all other claims except as otherwise provided in the Plan.

5. No payment shall be made on nonpriority unsecured claims until all secured and priority claims have been paid in full.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*
Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037

**F3015-1.1**
Best Case Bankruptcy

EXHIBIT 1
PAGE 3 OF 8

Case 2:10-bk-14581-AA Doc 13 2 Filed 03/01/10 Entered 03/01/10 15:00:24 Desc
Main Document Page 4 of 8

Case 2:10-bk-14581-A Doc 2 Filed 02/09/10 Entered 02/09/10 12:29:14 Desc
Main Document Page 10 of 20

Chapter 13 Plan (Rev. 12/09) - Page 4     2009 USBC, Central District of California

2:10-bk-14581

B.    CLASSIFICATION AND TREATMENT OF CLAIMS:

### CLASS 1
### ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507

The Debtor will pay Class 1 claims in full; except the debtor may provide for less than full payment of Domestic Support Obligations pursuant to 11 U.S.C. §1322(a)(4).

| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE If any | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|
| a.   Administrative Expenses | | | | | |
| (1)   Chapter 13 Trustee's Fee – estimated at 11% of all payments to be made to all classes through this Plan. | | | | | |
| (2)   Attorney's Fees | $1,000.00 | | $1,000.00 | 1 | $1,000.00 |
| (3)   Chapter 7 Trustee's Fees | | | | | |
| (4)   Other | | | | | |
| b.   Other Priority Claims | | | | | |
| (1)   Internal Revenue Service | | | | | |
| (2)   Franchise Tax Board | | | | | |
| (3)   Domestic Support Obligation | | | | | |
| (4)   Other | | | | | |
| | $0.00 | 0% | $0.00 | 0 | $0.00 |
| Ecmc (Original Creditor:Chase - Jpm | $4,288.00 | 0% | $306.28 | 14 | $4,287.94 |
| Franchise Tax Board | $12,076.96 | 0% | $862.63 | 14 | $12,076.80 |
| c.   Domestic Support Obligations that are not to be paid in full in the Plan (Specify Creditor Name): | | | | | |
| | | | | | |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*
Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037

F3015-1.1
Best Case Bankruptcy

EXHIBIT
PAGE ___ OF ___

## CLASS 2

### CLAIMS SECURED SOLELY BY PROPERTY THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE ON WHICH OBLIGATION MATURES AFTER THE FINAL PLAN PAYMENT IS DUE

1. ☐  The post-confirmation monthly mortgage payment will be made by the Chapter 13 Trustee from the Plan Payment to:

2. ■  The post-confirmation monthly mortgage payment will be made by the Debtor directly to:

**Chevy Chase Bank**                                                                                         **0435**
_____                                                    _____
(name of creditor)                                                                                  (last 4 digits of account number)

The Debtor will cure all prepetition arrearages for the primary residence through the Plan Payment as set forth below.

| Name of Creditor | Last Four Digits of Account Number | Cure of Default ||||| 
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| Chevy Chase Bank | 0435 | $36,815.00 | 4.5 | $856.75 | 47 | $40,267.06 |

## CLASS 3

### CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE PAID IN FULL DURING THE TERM OF THE PLAN

| Name of Creditor | Last Four Digits of Account No. | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | Equal Monthly Payment | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|---|
| Americredit | 9032 | $15,108.00 | $15,108.00 | 5.00 | $355.16 | 47 | $16,692.60 |
| Selan Family Trust | 7124 | $100,000.00 | $0.00 | 0.00 | $0.00 | 0 | $0.00 |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

_Revised December 2009_
Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037

**F3015-1.1**
Best Case Bankruptcy

EXHIBIT _A_
PAGE _5_ OF _8_

Case 2:10-bk-14581-AA Doc 13 Filed 03/01/10 Entered 03/01/10 15:00:24 Desc
Case 2:10-bk-14581-A Doc 2 Filed 02/09/10 Entered 02/09/10 12:29:14 Desc
Main Document Page 12 of 20
Main Document Page 6 of 8

Chapter 13 Plan (Rev. 12/09) - Page 6      2009 USBC, Central District of California

## CLASS 4

### OTHER SECURED CLAIMS ON WHICH THE LAST PAYMENT IS DUE AFTER THE DATE ON WHICH THE FINAL PAYMENT UNDER THE PLAN IS DUE

1. ☐ The post-confirmation monthly payment pursuant to the promissory note will be made by the Chapter 13 Trustee from the Plan Payment to:

2. ☐ The post-confirmation monthly payment pursuant to the promissory note will be made by the Debtor directly to:

_____  _____
(name of creditor)  (last 4 digits of account number)

_____  _____
(name of creditor)  (last 4 digits of account number)

**The Debtor will cure all prepetition arrearages on these claims through the Plan Payment as set forth below.**

| Name of Creditor | Last Four Digits of Account Number | Cure of Default ||||| 
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| | | | | | | |
| | | | | | | |

## CLASS 5

### NON-PRIORITY UNSECURED CLAIMS

Debtor estimates that non-priority unsecured claims total the sum of __$118,835.67__.
Class 5 claims will be paid as follows:

(Check one box only.)

■ Class 5 claims (including allowed unsecured amounts from Class 3) are of one class and will be paid pro rata.

OR

☐ Class 5 claims will be divided into subclasses as shown ~~on the attached exhibit~~ *directly below* (which also shows the justification for the differentiation among the subclasses) and the creditors in each subclass will be paid pro rata.

### III. COMPARISON WITH CHAPTER 7

The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. The amount distributed to nonpriority unsecured creditors in chapter 7 would be $ __0.00__ which is estimated to pay __0__ % of the scheduled nonpriority unsecured debt.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*
Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037

**F3015-1.1**
Best Case Bankruptcy

EXHIBIT ___
PAGE ___ OF ___

## IV. PLAN ANALYSIS

2:10-bk-14581

| | |
|---|---|
| CLASS 1a | $1,000.00 |
| CLASS 1b | $16,364.74 |
| CLASS 1c | $0.00 |
| CLASS 2 | $40,267.06 |
| CLASS 3 | $16,692.60 |
| CLASS 4 | $0.00 |
| CLASS 5 | $0.00 |
| SUB-TOTAL | $74,324.40 |
| CHAPTER 13 TRUSTEE'S FEE (Estimated 11% unless advised otherwise) | $8,175.60 |
| TOTAL PAYMENT | $82,500.00 |

## V. OTHER PROVISIONS

A. The Debtor rejects the following executory contracts and unexpired leases.
   **Name of Other Party:**      **Description of contract/lease:**
   -NONE-

B. The Debtor assumes the executory contracts or unexpired leases set forth in this section. As to each contract or lease assumed, any defaults therein and Debtor's proposal for cure of said default(s) is described in Class 4 of this Plan. The Debtor has a leasehold interest in personal property and will make all post-petition payments directly to the lessor(s):
   **Name of Other Party:**      **Description of contract/lease:**
   -NONE-

C. In addition to the payments specified in Class 2 and Class 4, the Debtor will make regular payments, including any preconfirmation payments, directly to the following:
   **Creditor Name:**      **Monthly Payment:**
   -NONE-

D. The Debtor hereby surrenders the following personal or real property. (Identify property and creditor to which it is surrendered.)
   **Creditor Name:**      **Description:**
   -NONE-

E. The Debtor shall incur no debt greater than $500.00 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

F. Miscellaneous provisions: (Use Attachment, if necessary)

   **All income tax refunds for the first three years of the Plan will be turned over to the Chapter 13 Trustee for distribution to the creditors**

   **Selan Family Trust Loan (2nd position loan) - Motion To Avoid Lien will be filed.**

   **Student loan included in plan.**

   **Car Payment included in plan.**

   **Prior state income income taxes included in plan.**

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*      **F3015-1.1**
Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037      Best Case Bankruptcy

EXHIBIT ___A___
PAGE ___7___ OF ___8___

Case 2:10-bk-14581-AA  Doc 13  Filed 03/01/10  Entered 03/01/10 15:00:24  Desc
Case 2:10-bk-14581-AA  Doc 2  Filed 02/09/10  Entered 02/09/10 12:29:14  Desc
Main Document  Page 14 of 20
Main Document  Page 8 of 8

Chapter 13 Plan (Rev. 12/09) - Page 8                                    2009 USBC, Central District of California

G. The Chapter 13 Trustee is authorized to disburse funds after the date confirmation is announced in open court.

H. The Debtor will pay timely all post-confirmation tax liabilities directly to the appropriate taxing authorities as they come due.

I. The Debtor will pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition.

VI. **REVESTING OF PROPERTY**

Property of the estate shall not revest in the Debtor until such time as a discharge is granted or the case is dismissed or closed without discharge. Revestment shall be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the Plan, the Chapter 13 Trustee shall have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the Local Bankruptcy Rules. Prior to any discharge or dismissal, the Debtor must seek approval of the court to purchase, sell, or refinance real property.


Dated: February 9, 2010                         /s/ Gerald Wolfe
                                                Gerald Wolfe
                                                180599
                                                Attorney for Debtor(s)


                                                /s/ Jacqueline Sue Rodrigues
                                                Jacqueline Sue Rodrigues
                                                Debtor

                                                /s/ Joseph Rodrigues
                                                Joseph Rodrigues
                                                Joint Debtor

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised December 2009                                                                        F3015-1.1
Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037                Best Case Bankruptcy

EXHIBIT ___
PAGE ___ OF 8

| UNITED STATES BANKRUPTCY COURT  CENTRAL DISTRICT OF CALIFORNIA | PROOF OF CLAIM |
|---|---|
| Name of Debtor: **JACQUELINE S. RODRIGUES and Joseph Rodrigues** | Case Number: **10-14581-AMA-13** |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
**AmeriCredit Financial Services, Inc.**

Name and addresses where notices should be sent:

**AmeriCredit Financial Services, Inc.
PO Box 183853
Arlington, TX 76096
Telephone No. (877) 203-5538**

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If Known)

Filed on: _____

Name and addresses where payment should be sent (if different from above):

**AmeriCredit Financial Services, Inc.
PO Box 183853
Arlington, TX 76096
Telephone No. (877) 203-5538**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed: **$14,614.65 + 14.90% interest**

***Claimant reserves right to amend claim**

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. Basis for Claim: **Money Loaned**
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: **xxxxx9032 / 562720**

   3a. Debtor may have scheduled account as: _____
   (See instruction #3s on reverse side.)

4. Secured Claim: (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:    ☐ Real Estate    ☒ Motor Vehicle    ☐ Other
Describe: **2008 FORD FOCUS**
Value of Property: **$14,614.65**        Annual Interest Rate: **14.90%**

Amount of arrearage and other charges at time case filed included in secured claim,
if any: **$641.09**                Basis for perfection: **certificate of title**

Amount of Secured Claim: * **$14,614.65**        Amount Unsecured: **$0.00**

**\* no cramdown per statute**

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

? Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

? Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

? Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

? Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

? Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

? Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

| Date<br>February 11, 2010 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>/s/ James Hogan, Jr. | For Court Use Only |
|---|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

874/9032/44175

EXHIBIT **B**
PAGE **1** OF **4**

# RETAIL INSTALLMENT SALE CONTRACT — SIMPLE FINANCE CHARGE

| Dealer Number | | | |
|---|---|---|---|
| Buyer Name and Address | | Co-Buyer Name and Address | Seller Name and Address |
| JACQUELINE S RODRIGUES<br>1853 TEALE AVE<br>HOLLYWOOD LOS ANGELES CA 90028 | | | WORTHINGTON FORD INC.<br>2266 N LONG BEACH BLVD.<br>LONG BEACH CA 90815 |

You, the Buyer (and Co-Buyer if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Creditor - Seller (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| NEW | 2008 | FORD FOCUS 4DR | 6 | 1FAHP35N08W152587 | [X] personal, family or household<br>[ ] business or commercial |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate | FINANCE CHARGE<br>The dollar amount the credit will cost you | Amount Financed<br>The amount of credit provided to you or on your behalf | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled | Total Sale Price<br>The total cost of your purchase on credit including your down payment of $ 4000.00 |
|---|---|---|---|---|
| 14.90 % | $ 8832.99 (e) | $ 17035.17 | $ 25868.16 (e) | $ 29868.16 (e) |

(e) means an estimate

### YOUR PAYMENT SCHEDULE WILL BE

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| One Payment of | N/A | N/A |
| One Payment of | N/A | N/A |
| 71 Payments | 359.28 | Monthly Beginning 06/15/2008 |
| Payments | N/A | Monthly Beginning |
| One Final Payment | 359.28 | DUE ON 05/15/2014 |

**Late Charge** If payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late.
**Prepayment** If you pay off your debt early, you may be charged a minimum finance charge.
**Security Interest** You are giving a security interest in the vehicle being purchased.
**Additional Information** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, minimum finance charges, and security interest.

### ITEMIZATION OF THE AMOUNT FINANCED (Seller may keep part of the amounts paid to others.)

1. **Total Cash Price**
   - A. Cash Price of Motor Vehicle and Accessories ........ $ 17649.00 (A)
      1. Cash Price Vehicle ........ $ 17649.00
      2. Cash Price Accessories ........ N/A
      3. Other (Nontaxable)
         - Describe N/A ........ $ N/A
         - Describe N/A ........ $ N/A
   - B. Document Preparation Fee (not a governmental fee) ........ $ 55.00 (B)
   - C. Smog Fee Paid to Seller ........ $ N/A (C)
   - D. (Optional) Theft Deterrent Device (to whom paid) PWR PLUS ........ $ 95.00 (D)
   - E. (Optional) Theft Deterrent Device (to whom paid) N/A ........ $ N/A (E)
   - F. (Optional) Surface Protection Product (to whom paid) N/A ........ $ N/A (F)
   - G. (Optional) Surface Protection Product (to whom paid) N/A ........ $ N/A (G)
   - H. Sales Tax (on taxable items in A through G) ........ $ 1468.42 (H)
   - I. Optional DMV Electronic Filing Fee ........ $ N/A (I)
   - J. (Optional) Service Contract (to whom paid) FORD PREMC ........ $ 980.00 (J)
   - K. (Optional) Service Contract (to whom paid) N/A ........ $ N/A (K)
   - L. (Optional) Service Contract (to whom paid) N/A ........ $ N/A (L)
   - M. Prior Credit or Lease Balance paid by Seller to
      (see downpayment and trade in calculation) ........ $ N/A (M)
   - N. (Optional) Gap Contract (to whom paid) EXPRESS AUTO ........ $ 600.00 (N)
   - O. (Optional) Used Vehicle Contract Cancellation Option Agreement ........ $ N/A (O)
   - P. Other (to whom paid) N/A for N/A ........ $ N/A (P)
   - **Total Cash Price (A through P)** ........ $ 20847.42 (1)
2. **Amounts Paid to Public Officials**
   - A. License Fees ESTIMATED ........ $ 115.00 (A)
   - B. Registration/Transfer/Titling Fees ........ $ 64.00 (B)
   - C. California Tire Fees ........ $ 8.75 (C)
   - D. Other N/A ........ $ N/A (D)
   - **Total Official Fees (A through D)** ........ $ 187.75 (2)
3. **Amount Paid to Insurance Companies**
   - (Total premiums from Statement of Insurance column a + b) ........ $ N/A (3)
4. [ ] Smog Certification or [ ] Exemption Fee Paid to State ........ $ N/A (4)
5. **Subtotal (1 through 4)** ........ $ 21035.17 (5)
6. **Total Downpayment**
   - A. Agreed Trade-In Value Yr 1996 Make JEEP Model GRAND CHEROKEE Km 152077 VIN 1J4FX58S2TC198151 ........ $ 1500.00 (A)
   - B. Less Prior Credit or Lease Balance ........ $ N/A (B)
   - C. Net Trade In (A less B) (indicate if a negative number) ........ $ 1500.00 (C)
   - D. Deferred Downpayment ........ $ N/A (D)
   - E. Manufacturer's Rebate ........ $ 2500.00 (E)
   - F. Other ........ $ N/A (F)
   - G. Cash ........ $ N/A (G)
   - **Total Downpayment (C through G)** ........ $ 4000.00 (6)
   (If negative enter zero on line 6 and enter the amount less than zero as a positive number on line 1M above)
7. **Amount Financed (5 less 6)** ........ $ 17035.17 (7)

### SELLER ASSISTED LOAN
BUYER MAY BE REQUIRED TO PLEDGE SECURITY FOR THE LOAN, AND WILL BE OBLIGATED FOR THE INSTALLMENT PAYMENTS ON BOTH THIS RETAIL INSTALLMENT SALE CONTRACT AND THE LOAN.

| Proceeds of Loan From | N/A |
|---|---|
| Amount $ N/A | Finance Charge $ N/A |
| Total $ N/A | Payable in N/A |
| installments of $ N/A | $ N/A |

from this Loan is shown in item 6D

### AUTO BROKER FEE DISCLOSURE
If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:
[ ] Name of autobroker receiving fee, if applicable: N/A

### STATEMENT OF INSURANCE
NOTICE. No person is required to finance the purchase of a motor vehicle to purchase or negotiate any insurance through a particular insurance company agent or broker. You are not required to buy any other insurance to obtain credit. Your decision to buy or not buy other insurance will not be a factor in the credit approval process.

**Vehicle Insurance**

| | Term | Premium |
|---|---|---|
| $ N/A Ded Comp Fire & Theft | Mos | $ N/A |
| $ N/A Ded Collision | Mos | $ N/A |
| Bodily Injury $ N/A Limits | Mos | $ N/A |
| Property Damage $ N/A Limits | Mos | $ N/A |
| Medical N/A | | |
| N/A | | |
| Total Vehicle Insurance Premiums | | $ N/A (a) |

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.

You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.

Buyer X [signature]
Co-Buyer X N/A
Seller X [signature]

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

### Application for Optional Credit Insurance
[ ] Credit Life  [ ] Buyer  [ ] Co-Buyer  [ ] Both
[ ] Credit Disability (Buyer Only)

| | Term | Exp | Premium |
|---|---|---|---|
| Credit Life | N/A Mos | | $ N/A |
| Credit Disability | N/A Mos | | N/A |
| Total Credit Insurance Premiums | | | $ N/A (b) |

Insurance Company Name N/A
Home Office Address N/A

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown above.

You are applying for the credit insurance marked above. Your signature below means that you agree that (1) You are not eligible for insurance if you have reached your 65th birthday, (2) You are eligible for disability insurance only if you are working for wages or profit 30 hours a week or more on the Effective Date, (3) Only the Primary Buyer is eligible for disability insurance. DISABILITY INSURANCE MAY NOT COVER CONDITIONS FOR WHICH YOU HAVE SEEN A DOCTOR OR CHIROPRACTOR IN THE LAST 6 MONTHS (Refer to "Total Disabilities Not Covered" in your policy for details).
You want to buy the credit insurance.

Date _____ Buyer Signature X N/A _____ Age ___
Date _____ Co Buyer Signature X N/A _____ Age ___

### OPTIONAL GAP CONTRACT
A gap contract (debt cancellation contract) is not required to obtain credit (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract the charge is shown in item 1N. See your gap contract for details on the protection it provides. It is a part of this contract.
Term _____ Mos EXPRESS AUTO GAP
Name of Gap Contract
You want to buy a gap contract
Buyer X [signature]

### OPTIONAL SERVICE CONTRACT(S)
You want to purchase the service contract(s) written with the following company(ies) for the term(s) shown below for the charge(s) shown in item 1J, 1K or 1L above

| 1J Company FORD PREMCARE | | | |
|---|---|---|---|
| Term 72 | Mos or | 60000 | Miles |
| 1K Company N/A | | | |
| Term N/A | Mos or | N/A | Miles |
| 1L Company N/A | | | |
| Term N/A | Mos or | N/A | Miles |

Buyer X [signature]

### HOW THIS CONTRACT CAN BE CHANGED
This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and both you and we must sign it. No oral changes are binding.
Buyer Signs X [signature]
Co Buyer Signs X N/A

SELLER'S RIGHT TO CANCEL If Buyer and Co Buyer sign here the provisions of the Seller's Right to Cancel section on the back giving the Seller the right to cancel if Seller is unable to assign this contract to a financial institution will apply
X [signature] Buyer    X _____ Co-Buyer

OPTION: [ ] You pay no finance charge if the Amount Financed, item 7, is paid in full on or before _____ N/A _____ Year _____ SELLER'S INITIALS _____

**THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED BY LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT**

**WARNING** YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING. IF YOUR VEHICLE HAS BEEN REPOSSESSED AND SOLD FOR LESS THAN YOU OWE, FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT. THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS

9/8 X [signature]    X N/A

**Representation of Buyer** Seller has relied on the truth and accuracy of the information provided by you in connection with the Trade In Vehicle You represent that you have given a true payoff amount on the vehicle traded in. If the payoff amount is more than the amount shown above in item 6B as "Prior Credit or Lease Balance," you must pay Seller the excess on demand. If the payoff amount is less than the amount shown above in item 6B as "Prior Credit or Lease Balance," Seller will refund the difference to you.

Buyer X [signature]    Co-Buyer X _____

**Notice to Buyer:** (1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.

If you have a complaint concerning this sale, you should try to resolve it with the seller
Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof.
After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.

Buyer Signature X [signature]    Co-Buyer Signature X N/A

**The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.**

**THERE IS NO COOLING-OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION**
California law does not provide for a "cooling-off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud. However, California law does require a seller to offer a 2-day contract cancellation option on used vehicles with a purchase price of less than $40,000, subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle, or an off-highway motor vehicle subject to identification under California law. See the vehicle contract cancellation option agreement for details.

**YOU AGREE TO THE TERMS OF THIS CONTRACT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU ACKNOWLEDGE THAT YOU HAVE READ BOTH SIDES OF THIS CONTRACT, INCLUDING THE ARBITRATION CLAUSE ON THE REVERSE SIDE, BEFORE SIGNING BELOW. YOU CONFIRM THAT YOU RECEIVED A COMPLETELY FILLED-IN COPY WHEN YOU SIGNED IT.**

Buyer Signature X [signature]    Date 5/16/08    Co-Buyer Signature X N/A    Date _____
Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.
Other Owner Signature X _____    Address _____

**GUARANTY** To induce us to sell the vehicle to Buyer, each person who signs as a Guarantor individually guarantees the payment of this contract. If Buyer fails to pay any money owing on this contract, each Guarantor must pay it when asked. Each Guarantor will be liable for the total amount owing even if other persons also sign as Guarantor and even if Buyer has a complete defense or reimbursement. Each Guarantor consents to any of the following: (1) extensions of the time for payment, (2) acceptance of partial payments, (3) release of security, (4) release or addition of any other party or guarantor, and (5) any settlement or compromise. Each Guarantor waives notice of acceptance of this Guaranty, notice of Buyer's non payment, non performance and default and notices of the amount owing at any time and of any demands upon the Buyer.

Guarantor X N/A    Date _____    Guarantor X N/A    Date _____
Address N/A    Address N/A

EXHIBIT

Seller Signs WORTHINGTON FORD INC.    Date 05/16/08    By X [signature]    Title MGR

LAW FORM NO 553-CA-ARB (REV 1/07) U.S. PATENT NO 0460782
© 2007 Reynolds and Reynolds

ORIGINAL LIENHOLDER    PAGE __ OF __

## OTHER IMPORTANT AGREEMENTS

1. **FINANCE CHARGE AND PAYMENTS**
   a. **Pay us** with future (Finance Charge) we will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed (credited). Seller may receive part of the Finance Charge.
   b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.
   c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on the front on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.
   d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment. As of the date of your payment, if the minimum finance charge is greater than the earned Finance Charge, you may be charged the difference. The minimum finance charge is as follows: (1) $25 if the original Amount Financed does not exceed $1,000, (2) $50 if the original Amount Financed is more than $1,000 but not more than $2,000, or (3) $75 if the original Amount Financed is more than $2,000.

2. **YOUR OTHER PROMISES TO US**
   a. If the vehicle is damaged, destroyed, or missing. You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

   **GAP LIABILITY NOTICE**
   In the event of theft or damage to your vehicle that results in a total loss, there may be a gap between the amount you owe under this contract and the proceeds of your insurance settlement and deductible. **THIS CONTRACT PROVIDES THAT YOU ARE LIABLE FOR THE GAP AMOUNT.** An optional gap contract (debt cancellation contract) for coverage of the gap amount may be offered for an additional charge.

   b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.
   c. **Security Interest.**
   You give us a security interest in:
   • The vehicle and all parts or goods installed on it,
   • All money or goods received (proceeds) for the vehicle,
   • All insurance, maintenance, service, or other contracts we finance for you, and
   • All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.
   This secures payment of all you owe on this contract. It also secures your other agreements in this contract as the law allows. You will make sure the title shows our security interest (lien) in the vehicle.
   d. **Insurance you must have on the vehicle.**
   You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. We may either buy insurance that covers your interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium for the insurance and a finance charge equal to the Annual Percentage Rate shown on the front of this contract or, at our option, the highest rate the law permits. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.
   e. **What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

3. **IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**
   a. **You may owe late charges.** You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you must keep making late payments. If you pay late, we may also take the steps described below.
   b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once, subject to any right the law gives you to reinstate this contract.
   Default means:
   • You do not pay any payment on time,
   • You start a proceeding in bankruptcy or one is started against you or your property,
   • The vehicle is lost, damaged or destroyed, or
   • You break any agreements in this contract.
   The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.
   c. You may have to pay collection costs. You will pay our reasonable costs to collect what you owe, including attorney fees, court costs, collection agency fees, and fees paid for other reasonable collection efforts. You agree to pay a charge not to exceed $15 if any check you give to us is dishonored.
   d. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.
   e. **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). You may redeem the vehicle by paying all you owe, or you may have the right to reinstate this contract and redeem the vehicle by paying past due payments and any late charges,

providing proof of insurance, and/or taking other action to cure the default. We will tell you how much to pay and when it is required by law to tell you. If you do not redeem, we will sell the vehicle. If you do not redeem, we will send you a written notice of sale before selling the vehicle.
We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at the Annual Percentage Rate shown on the face of this contract, not to exceed the highest rate permitted by law, until you pay.
   g. **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

4. **WARRANTIES SELLER DISCLAIMS**
   If you do not get a written warranty, and the Seller does not enter into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.
   This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide. If the Seller has sold you a certified used vehicle, the warranty of merchantability is not disclaimed.

5. **Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
   **Spanish Translation:** Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

6. **Applicable Law.**
   Federal law and California law apply to this contract. If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

7. **Warranties of Buyer.** You promise you have given true and correct information in your application for credit, and you have no knowledge that will make that information untrue in the future. We have relied on the truth and accuracy of that information in entering into this contract. Upon request, you will provide us with documents and other information necessary to verify any item contained in your credit application.

You waive the provisions of Calif. Vehicle Code Section 1808.21 and authorize the California Department of Motor Vehicles to furnish your residence address to us.

**CREDIT DISABILITY INSURANCE NOTICE CLAIM PROCEDURE**
If you become disabled, you must tell us right away. (You are advised to send this information to the same address to which you are normally required to send your payments, unless a different address or telephone number is given to us by us as the location where we would like to be notified.) We will tell you where to get claim forms. You must send in the completed form to the insurance company as soon as possible and tell us as soon as you do.
If your disability insurance covers all of your missed payment(s), WE CANNOT TRY TO COLLECT WHAT YOU OWE OR FORECLOSE UPON OR REPOSSESS ANY COLLATERAL UNTIL THREE CALENDAR MONTHS AFTER your first missed payment is due or until the insurance company pays or rejects your claim, whichever comes first. We can, however, try to collect, foreclose, or repossess if you have any money due and owing us or are otherwise in default when your disability claim is made or if a senior mortgage or lien holder is foreclosing. If the insurance company pays the claim within the three calendar months, we must accept the money as though you paid on time. If the insurance company rejects the claim within the three calendar months or accepts the claim within the three calendar months on a partial disability and pays less than for a total disability, you will have 35 days from the date that the rejection or the acceptance of the partial disability claim is sent to pay past due payments, or the difference between the past due payments and what the insurance company pays for the partial disability, plus late charges. You can contact us, and we will tell you how much you owe. After that time, we can take action to collect or foreclose or repossess any collateral you may have given.
If the insurance company accepts your claim but requires that you send in additional forms to remain eligible for continued payments, you should send in these completed additional forms no later than required. If you do not send in these forms on time, the insurance company may stop paying, and we will then be able to take action to collect or foreclose or repossess any collateral you may have given.

| | Seller's Right to Cancel |
|---|---|
| a | Seller agrees to deliver the vehicle to you on the date this contract is signed by Seller and you. You understand that it may take a few days for Seller to verify your credit and assign the contract. You agree that if Seller is unable to assign the contract to any one of the financial institutions with whom Seller regularly does business under an assignment acceptable to Seller, Seller may cancel the contract. |
| b | Seller shall give you written notice (or in any other manner in which actual notice is allowed by law) within 10 days of the date this contract is signed if Seller elects to cancel. Upon receipt of such notice, you must immediately return the vehicle to Seller in the same condition as when sold, reasonable wear and tear excepted. Seller must give back to you all consideration received by Seller, including any trade-in vehicle. |
| c | If you do not immediately return the vehicle, you shall be liable for all expenses incurred by Seller in taking the vehicle from you, including reasonable attorney's fees. |
| d | While the vehicle is in your possession, all terms of the contract, including those relating to use of the vehicle and insurance for the vehicle, shall be in full force and you shall assume all risk of loss or damage to the vehicle. You must pay all reasonable costs for repair of any damage to the vehicle until the vehicle is returned to Seller. |

**ARBITRATION CLAUSE**
**PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS**
1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this clause, and the arbitrability of the claim or dispute) between you and us or our employees, agents, successors or assigns, which arise out of or relate to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose one of the following arbitration organizations and its applicable rules: the National Arbitration Forum, Box 50191, Minneapolis, MN 55405-0191 (www.arb-forum.com), the American Arbitration Association, 335 Madison Ave., Floor 10, New York NY 10017-4605 (www.adr.org), or any other organization that you may choose subject to our approval. You may get a copy of the rules of these organizations by contacting the arbitration organization or visiting its website.
Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law in making an award. The arbitration hearing shall be conducted in the federal district in which you reside unless the Creditor-Seller is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will advance your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $1500, which may be reimbursed by decision of the arbitrator at the arbitrator's discretion. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this clause, then the provisions of this clause shall control. The arbitrator's award shall be final and binding on all parties, except that in the event the arbitrator's award for a party is $0 or against a party is in excess of $100,000, or includes an award of injunctive relief against a party, that party may request a new arbitration under the rules of the arbitration organization by a three-arbitrator panel. The appealing party requesting new arbitration shall be responsible for the filing fee and other arbitration costs subject to a final determination by the arbitrators of a fair apportionment of costs. Any arbitration under this Arbitration Clause shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et seq.) and not by any state law concerning arbitration.
You and we retain any rights to self-help remedies, such as repossession. You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies or filing suit. Any court having jurisdiction may enter judgment on the arbitrator's award. This clause shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Clause, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this arbitration clause shall be unenforceable.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only if the "personal, family or household" box in the "Primary Use for Which Purchased" section of this contract is checked. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle sold or leased under this contract.

Seller:
WORTHINGTON FORD
2950 BELLFLOWER BLVD
LONG BEACH, CA 90815

AMERICREDIT FINANCIAL SERVICES, INC.
PO BOX 182673
ARLINGTON TX 76096

☒ Assigned without recourse   ☐ Assigned with limited recourse

By _____   Title _____

PAGE 3 OF 4

Account View                                                                                                                          Page 1 of 1

Americredit Financial Services

Perfected

## Account

| VIN/HIN: **1FAHP35N08W152587** | Status: **Perfected (PT)** | Titling State: **CA** | Year: **2008** |
| Account: **9032** | Loan: LoanSuffix: **200** | Branch: **885** | Make: **FORD** Model: **FOCUS** |

## Title

VIN/HIN: **1FAHP35N08W152587**   State: **CA**   Title Number:
Year: **2008**   Make/Builder: **FORD**   Model:   License Plate: **6EHL013**

Owner(s): **RODRIGUES JACQUELINE S**          Closed Date:
Lienholder: **AMERICREDIT FNCL SVCS**         Closed Reason:
Match Type: **AUTOMATIC**                     Document Location:
Match Date: **5/31/2008**
Issuance Date: **5/29/2008**
Imported Date: **5/31/2008**

## Notes

◉ Show All   ◯ Show User Notes Only   ◯ Show Activity History Only

| Date | User | Context | Activity | |
|---|---|---|---|---|
| 10/23/2009 08:20 PM | System | Conversion | Conversion | Converted to Collateral Manager. |
| 10/23/2009 08:20 PM | System | Conversion | Conversion | VTTS - Status changed to PT on 05/31/ VTTS - Status changed to PM on 05/19/ VTTS - System note on 05/19/2008 06 Record created from N Transaction. |

## NADA Official Used Car Guide
Friday, February 26, 2010

## Vehicle Summary NADA Values

| | | | | | | |
|---|---|---|---|---|---|---|
| Region: | California Region - February 2010 | | Reference #: | | | |
| Vehicle Description: | 2008 FORD Focus-4 Cyl. Sedan 4D SE | | VIN: | 1FAHP35N08W152587 | | |
| MSRP: | $15,375 | | Weight: | 0 | | |
| Mileage: | 32,500 | | | | | |

| | Rough Trade-In | Average Trade-In | Clean Trade-In | Clean Loan | Clean Retail |
|---|---|---|---|---|---|
| Base Value | $7,800 | $8,825 | $9,650 | $8,700 | $12,175 |
| **Optional Equipment** | | | | | |
| Audiophile Stereo System | $275 | $275 | $275 | $275 | $325 |
| Cruise Control | $150 | $150 | $150 | $150 | $175 |
| Option Total | $425 | $425 | $425 | $425 | $500 |
| Mileage Adjustment | $0 | $0 | $0 | $0 | $0 |
| Total NADA Official Used Car Guide Values | $8,225 | $9,250 | $10,075 | $9,125 | $12,675 |

EXHIBIT ___
PAGE ___ OF ___

NADA assumes no responsibility or liability for any errors or omissions
or any revisions or additions made by anyone on this report.
All NADA values are reprinted with permission of
NADA Used Car Guide, NADASC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**535 ANTON BLVD., 10TH FLOOR, COSTA MESA, CA 92626**

The foregoing document described as **OBJECTION TO CONFIRMATION OF PROPOSED CHAPTER 13 PLAN; DECLARATION OF JIM HOGAN IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On February 26, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

GERALD WOLFE, Attorney for Debtors; gerald@gwesq.com
KATHY A. DOCKERY; Trustee; efiling@CH13LA.com

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On March _1_, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**DEBTOR(S):**
JACQUELINE SUE RODRIQUES
JOSEPH RODRIGUES
1853 Taft Avenue
Los Angeles, CA 90028

**U.S. BANKRUPTCY JUDGE**
U.S. BANKRUPTCY COURT
HONORABLE JUDGE ALAN M. AHART
Roybal Federal Building
255 E. Temple Street, Suite 1382
Los Angeles, CA 90012-3332

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____
___ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

March _1_, 2010       SUSAN A. KONTOFF                  /s/ Susan A. Kontoff
Date                  Type Name                         Signature

1350.1548  567484.1

COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977